# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00035-CR

**Misty Lara Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 64552, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). Appellant Misty Lara Hernandez pleaded nolo contendere to the offense of injury to a child. *See* Tex. Penal Code Ann. § 22.04 (West Supp. 2011). The district court assessed punishment at ten years' deferred-adjudication probation and a $1,000 fine. The State subsequently filed a motion to adjudicate, alleging that Hernandez had violated multiple terms and conditions of her probation. At the hearing on the motion to adjudicate, Hernandez pleaded true to the State's allegations. The district court then proceeded to hear evidence relating to the allegations, including the testimony of Hernandez, who admitted to violating the terms and conditions of her probation. At the conclusion of the hearing, the district court found the allegations to be true, revoked Hernandez's probation, and sentenced her to 18 years' imprisonment. This appeal followed.

Hernandez's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements

of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Hernandez was mailed a copy of counsel's brief and advised of her right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

We observe, however, that the judgment adjudicating guilt contains clerical errors. First, the judgment indicates that the offense was committed on June 1, 2008. However, the record reflects that the offense was committed on August 17, 2008. Second, the judgment indicates that the offense of injury to a child was a "lesser-included offense." However, the record reflects that it was not a lesser-included offense of any charged offense.[1] Finally, the judgment indicates that Hernandez "violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt." However, the record reflects that the case proceeded on the State's "First Amended Motion to Adjudicate Guilt."

---

[1] In a three-count indictment, Hernandez was charged with two counts of indecency with a child by contact, both occurring on June 1, 2008, and one count of injury to a child, occurring on August 17, 2008. Pursuant to a plea agreement, the State abandoned the indecency-with-a-child charges. Thus, the only charged offense remaining at the time Hernandez entered her plea was injury to a child.

2

This Court has the authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Smith v. State*, 176 S.W.3d 907, 920 (Tex. App.—Dallas 2005, pet. ref'd) (citing *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)); *see also Tolbert v. State*, No. 03-10-00245-CR, 2011 Tex. App. LEXIS 858, at *2-3 (Tex. App.—Austin Feb. 4, 2011, no pet.) (mem. op., not designated for publication) (modifying judgment to delete findings that appellant had violated community supervision on grounds that had been abandoned by State at revocation hearing). Accordingly, we modify the judgment to (1) reflect that the "date of offense" was August 17, 2008; (2) delete the language in the judgment indicating that the offense for which the defendant was convicted was "a lesser-included offense"; and (3) reflect that Hernandez "violated the terms and conditions of community supervision as set out in the State's FIRST AMENDED Motion to Adjudicate Guilt."

As modified, the judgment adjudicating guilt is affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Modified and, as Modified, Affirmed

Filed: July 11, 2012

Do Not Publish